IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL AUSTIN, | : | 1:11-cv-859 |
| | : | |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Malachy E. Mannion |
| SUPERINTENDENT WILLIAMSON, | : | |
| | : | |
| Respondent. | : | |

## MEMORANDUM

### October 17, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Doc. 7), filed on September 22, 2011, which recommends that this case be dismissed based on Petitioner's failure to pay the filing fee as well as his failure to prosecute this case. No objections to the R&R have been filed.[1] For the reasons set forth below, the Court will adopt the R&R and dismiss this action.

---

[1] Objections were due by October 11, 2011.

I.     **STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d. Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept recommendations." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson,* 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson,* 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

II.    **DISCUSSION**

On May 5, 2011, the Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner did not pay the filing fee or file an application for leave to proceed *in forma pauperis*. A 30-day Administrative Order was issued and thereafter, on May 18, 2011, the Petitioner filed an incorrect motion

to proceed *in forma pauperis*. On June 1, 2011, the Court issued an order directing the Petitioner to submit the $5.00 filing fee or the appropriate *in forma pauperis* form, which was provided to him. Petitioner did neither, despite being warned that his action would be dismissed for failure to comply with the Court's directive.

Accordingly, Magistrate Judge Mannion recommends that this action be dismissed pursuant to Fed. R. Civ. P. 41(b), which provides "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." As correctly noted by the Magistrate Judge, the Third Circuit has long held that Rule 41(b) does not prohibit the *sua sponte* dismissal of actions by the Court based on a plaintiff's failure to prosecute the action. *Kenney v. Cal. Tanker Co.*, 381 F. 2d 775, 777 (3d Cir. 1967).

As we have already mentioned, the Plaintiff has not filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. Simply put, this Court cannot control its docket and properly protect the rights of all parties if the Petitioner fails to comply with orders of this Court. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this documents, as it accurately

reflects our consideration and resolution of the case *sub judice*. An appropriate Order shall issue.